■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SANCHEZ, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 6, 1987, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

Defendant was indicted on November 20, 1986 for, *inter alia,* attempted second degree assault allegedly committed while an inmate, incarcerated on a conviction of second degree robbery, at Elmira Correctional Facility in Chemung County. In response to defendant's *Sandoval* motion, County Court ruled the People could use four of defendant's many convictions, including the robbery conviction for which he was then imprisoned, to impeach him if, as occurred, defendant chose to testify. Defendant also moved, unsuccessfully, to have the attempted assault charge dismissed because the indictment

did not specifically allege that at the time of the claimed assault he was then confined in a correctional facility on a criminal charge or conviction (see, Penal Law § 120.05 [7]). From his subsequent conviction on the attempted assault charge, defendant appeals, urging that both of County Court's aforementioned rulings were erroneous; we affirm.

There is no merit in the suggestion that County Court abused its discretion in permitting the People to use defendant's most recent robbery conviction to impeach him (see, People v Pollock, 50 NY2d 547, 549).

Nor is defendant's challenge to the indictment any more convincing. The indictment states that the attempted assault occurred at Elmira Correctional Facility. Because reference in the indictment to defendant's previous conviction for robbery was legally impermissible (see, People v Ali, 147 AD2d 847 [decided herewith]), the conviction was referred to in the special information which accompanied the indictment (see, CPL 200.60 [1], [2]). While it might have been better had the special information indicated that defendant was incarcerated at Elmira Correctional Facility as a result of the robbery conviction, rather than simply so implying, the indictment and attached special information were quite sufficient to inform defendant of the crime for which he stood indicted as well as to meet the statutory requirements (see, CPL 200.50; People v Iannone, 45 NY2d 589, 598).

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.