■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS D. DIAZ, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Chemung County (Danaher Jr., J.), rendered June 18, 1990, upon a verdict convicting defendant of the crime of assault in the second degree.

On December 28, 1989 defendant was charged with one count of assault in the second degree in violation of Penal Law § 120.05 (7). Attached to the indictment was a special information which provided: "BE IT REMEMBERED, by this indictment, that I, James T. Hayden, Chemung County District Attorney, do hereby accuse the defendant above-named, of having been duly convicted on the 8th day of February, 1984 in the Supreme Court of New York County of the crime of MURDER IN THE SECOND DEGREE, a class A-I violent felony." On February 15, 1990, counsel for defendant filed a motion to dismiss the indictment on the basis that it was facially defective. The People acknowledged that the clause charging defendant with being confined in Elmira Correctional Facility in Chemung County, as a result of having been convicted of murder in the second degree, was inadvertently omitted. However, the People sought to amend the special information to state that defendant was confined in Elmira Correctional

Facility. On March 21, 1990 County Court granted the People's motion. Trial commenced on May 3, 1990 and the following day the jury found defendant guilty of assault in the second degree. Defendant's motion to set aside the verdict was denied and he was sentenced as a second felony offender to an indeterminate prison term of 3½ to 7 years, to be served consecutively to the sentence he was then serving.

On this appeal, defendant contends that County Court erred in denying the motion to dismiss the indictment on the basis that it was facially defective. We disagree. CPL 200.70 (1) provides: "At any time before or during trial, the court may, upon application of the people and with notice .to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits." In the instant case, the People filed an amended special information alleging that defendant was confined in Elmira Correctional Facility. The Grand Jury minutes indicate that evidence of such confinement was presented to that body for its consideration. Furthermore, the amended special information did not change the theory of the prosecution or prejudice defendant (see, People v Petterson, 103 AD2d 811; People v Ceballos, 98 AD2d 475). Additionally, we have previously held on facts strikingly similar to this case that "[w]hile it might have been better had the special information indicated that defendant was incarcerated at Elmira Correctional Facility as a result of the robbery conviction, rather than simply so implying, the indictment and attached special information were quite sufficient to inform defendant of the crime for which he stood indicted" (People v Sanchez, 147 AD2d 846, 847, lv denied 74 NY2d 746). Accordingly, County Court properly denied defendant's motion to dismiss.

Defendant next contends that County Court erred in refusing to charge assault in the third degree as a lesser included offense of assault in the second degree. It is well settled that a defendant is entitled to a charge of a lesser included offense when (1) it is impossible to commit the greater crime without also committing the lesser crime, and (2) a reasonable view of the evidence would support a finding that the defendant committed such lesser offense but did not commit the greater (see, People v Glover, 57 NY2d 61). In the case at bar, defen-

dant was charged with assault in the second degree in that with intent to cause physical injury to another person he caused such injury to such person while confined in a correctional facility. It is clear that it was impossible for defendant to have committed assault in the second degree without also committing assault in the third degree. However, the uncontradicted evidence established that defendant was confined to Elmira Correctional Facility at the time of the assault. Therefore, a reasonable view of the evidence did not support a finding that defendant committed the lesser offense but not the greater offense (see, People v Berry, 123 AD2d 477, 478, lv denied 69 NY2d 708). Therefore, County Court correctly refused to charge assault in the third degree as a lesser included offense. We have considered defendant's other contentions and find them lacking in merit.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.