■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD GRAHAM, Appellant. [605 NYS2d 159] —White, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 30, 1992, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant's principal contention on appeal is that the Peo-

ple failed to prove that, at the time of the commission of the offense, he was confined to a correctional facility pursuant to a conviction of a crime. A correctional facility is defined in Correction Law § 40 (3) as an "institution operated by the state department of correctional services * * * for the detention of persons charged with or convicted of a crime". In 7 NYCRR 100.1 and 100.35, the Elmira Correctional and Reception Center located in the City of Elmira, Chemung County, is designated as a correctional facility.

The record shows that on the date in question, October 3, 1991, James Sowers was employed by the State as a correction officer at the Elmira Correctional Facility (hereinafter the facility) and was at the reception center package room where his duties included processing inmates either coming into or leaving the facility. Sowers was processing defendant, who had arrived at the facility with a number of other inmates from another correctional facility. As a result of an altercation over defendant's failure to initial certain papers, defendant struck Sowers, knocked him down and began to choke him. Defendant was then restrained by other correction officers, including several Deputy Sheriffs from other counties, who were present with other prisoners that had been sentenced to this facility. All of these people testified and identified defendant in court as Sowers' assailant. Two other correction officers testified that defendant was an inmate of the facility on that day and that after the altercation he was escorted by them to a specific cell block in the facility. George Bartley, the principal clerk of the facility, testified from the records kept there that defendant was committed to the facility on October 3, 1991, and that he was committed there from a court pursuant to the conviction of a crime.

Based on all of the evidence presented, the jury could properly find that defendant was confined in the facility on October 3, 1991 as a result of a conviction of a crime, and that he intentionally caused physical injury to Sowers on said date in violation of Penal Law § 120.05 (7). Finally defendant also contends that County Court erred in failing to charge the lesser included offense of assault in the third degree. However, because a reasonable review of the evidence would not support a finding that defendant committed the lesser offense but not the greater offense, County Court properly refused to so charge (see, People v Diaz, 175 AD2d 412, lv denied 79 NY2d 826).

Mercure, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.