■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MORERA, Also Known as ROBERT MORRERA, Appellant. [609 NYS2d 233] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered October 9, 1990, convicting defen-

dant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 6 years to life, unanimously affirmed.

There is no merit to defendant's argument that his plea was involuntary because his attorney's ineffective assistance made it impossible for him to prepare an effective defense. Defendant's attorney, who demanded a bill of particulars, made an omnibus motion to suppress defendant's identification, his postarrest statements, and physical evidence, and made another motion to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient, provided meaningful representation (see, People v Baldi, 54 NY2d 137, 147), which indeed resulted in what was a very favorable plea bargain. Nor should the plea be deemed not knowing or voluntary because the court did not advise defendant that he could be convicted only if the People proved his guilt beyond a reasonable doubt to the satisfaction of all of the jurors (see, People v Harris, 61 NY2d 9, 16), or because it did not inquire into defendant's understanding of possible defenses to a conspiracy charge to which he was not pleading.

And even if defendant had pled to the conspiracy count, there would have been no need for such an inquiry since his allocution did not cast doubt on his guilt or negate an essential element of the crime (see, People v Lopez, 71 NY2d 662, 666). Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Williams, JJ.