■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WILLIAMS, Appellant. [625 NYS2d 182] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 22, 1993, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

In viewing the totality of the circumstances we find that defendant's plea of guilty was voluntarily, knowingly, and intelligently made (People v Reyes, 202 AD2d 190, lv denied 83 NY2d 1006). Defendant, upon hearing the People's intended proof at the plea allocution which would support a conviction of third degree criminal sale of narcotics, did not declare his innocence or deny participation in the sale but rather described his role as a mere agent of the undercover buyer. By rejecting the court's explanation that he might not be guilty of the charges because he was acting as an agent of the buyer, defendant implicitly recanted his earlier agency claim and agreed to admit his guilt of the crime charged.

Furthermore, there is no merit to defendant's conclusory allegation of ineffective assistance of counsel based on his alleged belief that it would be impossible for him to mount an effective defense because his past criminal record would be admissible at trial. Prior to accepting the plea agreement, defendant was fully apprised by the court, on the record, that his criminal history would be admissible only if he took the stand, and that the scope of such inquiry by the prosecutor might be limited by the court upon his motion. Defense counsel, who made an omnibus motion to inspect the Grand Jury minutes and to dismiss the indictment based on insufficient evidence and the prosecutor's failure to charge the agency defense, demanded a bill of particulars, and made another motion to suppress defendant's identification and drugs, provided meaningful representation (People v Baldi, 54 NY2d 137), which resulted in a very favorable plea bargain (People v Morera, 202 AD2d 355, lv denied 83 NY2d 913). Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Williams, JJ.