■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA L. WEST, Appellant. [634 NYS2d 411] —Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 11, 1994, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.

Defendant pleaded guilty to the crime of robbery in the second degree in full satisfaction of a multicount indictment. In accordance with the plea agreement, she was sentenced as a predicate felon to a term of 6 to 12 years in prison. She now argues that the sentence imposed is harsh and excessive in view of her cocaine addition and difficult homelife. We find this argument unpersuasive. Defendant has a lengthy criminal record and committed the crime of which she stands convicted by victimizing an elderly person. Moreover, the sentence imposed was that which defendant bargained for in the plea agreement. Accordingly, we find no reason to disturb County Court's judgment.

Cardona, P. J., Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD T. BRYANT, Appellant. [634 NYS2d 412] —Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered April 7, 1994, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the second degree.

In full satisfaction of two indictments charging defendant with burglarizing two separate residences, defendant pleaded guilty to two counts of burglary in the second degree. He was sentenced as a second felony offender to two concurrent terms of 4 to 8 years in prison. Defendant argues that his guilty plea should be vacated because he was denied the effective assistance of counsel and that the sentence is harsh and excessive, Initially, we note that inasmuch as the record discloses that defendant made a knowing, voluntary and intelligent waiver of his right to appeal, he may not challenge his guilty plea. In any event, were we to consider the merits, we would find that defendant was afforded meaningful representation and, therefore, was not denied the effective assistance of counsel. Furthermore, given defendant's criminal history and the fact that the sentence imposed was in accordance with the plea agreement, we do not find that the sentence was harsh or excessive.

Cardona, P. J., Crew III, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.