■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD D. SOBKOWICH, JR., Appellant. [642 NYS2d 445] —Peters,

J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered April 12, 1995, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

In July 1994, a Montgomery County Grand Jury handed up a 16-count indictment charging defendant with various degrees and counts of arson, reckless endangerment, burglary and criminal mischief for setting fire to two buildings in the City of Amsterdam, Montgomery County, on June 8, 1994. Pursuant to a negotiated agreement, defendant pleaded guilty to one count of arson in the third degree in satisfaction of the indictment. Defendant was sentenced to 4 to 12 years in prison and this appeal followed.

Initially, we note that while defendant claims to be challenging the legality of his sentence, an examination of his brief reveals that he is actually challenging the voluntariness of his guilty plea. Since defendant explicitly waived his right to appeal the judgment of conviction and, moreover, failed to move to withdraw or vacate his plea, we find that he has waived his right to raise this issue on appeal (*see, People v Passero*, 222 AD2d 858; *People v Bryant*, 221 AD2d 774).

Nonetheless, were we to consider the merits, our review of the transcript of the plea allocution reveals that defendant's claim that he was coerced and threatened by County Court to enter a plea of guilty is entirely devoid of merit. Contrary to defendant's argument, the record reveals that defendant knowingly and voluntarily entered into an advantageous plea bargain after a thorough and appropriate inquiry by County Court. Although defendant asks this Court to read between the lines of the transcript to discover subtle "judicial sentencing threats" allegedly made by the court, we find County Court's remarks to be nothing more than an attempt to make sure that defendant was aware of all of his options prior to his plea of guilty.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.