■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. ELLIS, Appellant. [650 NYS2d 329] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 9, 1995, upon a verdict convicting de-

fendant of the crimes of menacing in the second degree and criminal mischief in the fourth degree.

Defendant's conviction stems from a drunken altercation between defendant and three other men that took place outside a bar in the Village of Johnson City, Broome County. Defendant was indicted for criminal possession of a weapon in the third degree, attempted assault in the second degree, menacing in the second degree and two counts of criminal mischief in the fourth degree. At the close of the People's case, County Court dismissed the attempted assault charge. The jury acquitted defendant of one count of criminal mischief and the weapons possession charge, but convicted him of menacing in the second degree and one count of criminal mischief in the fourth degree. Defendant appeals.

We agree with defendant that County Court erred in failing to give a justification charge with regard to the count of menacing in the second degree. As a general rule, whenever the evidence at trial viewed in the light most favorable to the defendant sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and the failure to do so constitutes reversible error (*see*, *People v Watts*, 57 NY2d 299, 301). We have previously indicated that a justification charge, if supported by a reasonable view of the evidence, is appropriate where a defendant stands accused of menacing (*see*, *People v Palmer*, 192 AD2d 803, 805; *see also*, *Matter of Jonathan B.*, 170 AD2d 449). The Court of Appeals has held that where a defendant engages in conduct creating a risk of death or serious injury in order to scare an assailant or keep him at bay, the court must instruct the jury on the justification defense as set forth in Penal Law § 35.15 (*People v Magliato*, 68 NY2d 24, 26, 29).

In this case, a reasonable view of the evidence supported the proposed justification charge. At defendant's jury trial, defendant and the three participants all testified. According to the testimony of Byron Smith, one of the three, the men approached defendant after he spoke to the female companion of one of them, yelled in his face and threatened to beat him up. Defendant repeatedly told them to leave him alone because he did not want any trouble. After the three continued to yell at defendant and threaten him with physical harm, defendant pulled out a knife and swung it back and forth in an effort to keep them at bay. Smith testified that defendant "wasn't trying to cut anyone at that time". The three backed away from defendant down the street, but attempted to surround him so as to attack him from behind. Smith testified that defendant

was walking toward the street and not toward the others, but that the others kept him in sight until they reached a vehicle with three women inside. Defendant testified that he ran toward the vehicle after he saw one of the three men pound on the roof of the car with his fist and attempt to pry the door open. Defendant testified that he wanted to make sure that the women, one of whom he recognized, were all right. The police arrived on the scene and defendant was arrested. County Court found Smith to be the most credible of all the prosecution witnesses. Even Smith's version of the events would have supported the charge, and accordingly we find that the court committed reversible error in failing to give it in connection with the count of menacing in the second degree.

Defendant also claims that his conviction for criminal mischief in the fourth degree should be reversed. This conviction arose out of defendant's repeated kicking of the holding room door after he had been taken into custody. However, this incident is wholly independent of the altercation that led to defendant's arrest. Because we consider defendant's conduct in the holding room to be a " 'wholly independent affirmative act unaffected by the [erroneous failure to give a justification charge]' " (*People v Jones*, 229 AD2d 665, 666, quoting *People v Glover*, 215 AD2d 900, 903; *see, People v Andujas*, 79 NY2d 113, 118, n; *People v Johnson*, 227 AD2d 927, 928), our disposition of the menacing charge does not also mandate reversal of the criminal mischief charge. Defendant claims that this charge is unsupported by sufficient evidence. We disagree. Viewing the evidence in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), as we must, we find that "there is [a] valid line of reasoning * * * which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Specifically, the testimony of a police officer that defendant had repeatedly kicked and damaged the holding room door was unrebutted.

Defendant's claim that he did not receive meaningful assistance of counsel is likewise without merit. The success of defense counsel's representation is evidenced by County Court's dismissal of the attempted assault count at the close of the People's case and by defendant's acquittals on the charge of criminal possession of a weapon and one count of criminal mischief (*see, People v Benyon*, 158 AD2d 609). Defendant claims that counsel's failure to address the door incident in his opening statement, his summation or his direct examination of

defendant is evidence of ineffectiveness. However, this determination appears to have been a well-reasoned tactical decision to shift the jury's focus away from behavior that may have struck the jury as either violent or irrational. That this strategy did not prove successful is no basis for a finding that defendant's counsel was ineffective (*see, People v Baldi,* 54 NY2d 137, 146-147; *People v Page,* 225 AD2d 831, 834, *lv denied* 88 NY2d 883; *People v English,* 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900).

County Court did not abuse its discretion or violate CPL 200.60 in permitting the People to use defendant's most recent robbery conviction to impeach him (*see, People v Sanchez,* 147 AD2d 846, *lv denied* 74 NY2d 746). Finally, in light of our finding that County Court's failure to give a justification charge constitutes reversible error, we need not reach defendant's claim that the sentence imposed—one year for the menacing conviction and one year for the criminal mischief conviction, to run consecutively and not concurrently—was harsh and excessive.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of menacing in the second degree; matter remitted to the County Court of Broome County for a new trial on count three of the indictment; and, as so modified, affirmed.