■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK COMER, Appellant. [654 NYS2d 195] —Peters, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered September 1, 1995, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, driving while intoxicated and aggravated unlicensed operation of motor vehicle in the third degree.

While driving along Interstate Route 90 in Montgomery County, defendant was stopped by a State Trooper for failing to have a license plate light and for an unsafe lane change. Defendant failed a field sobriety test and a search of his vehicle revealed a large quantity of cocaine. He was subsequently charged with a number of crimes, but ultimately pleaded guilty to criminal possession of a controlled substance in the second degree, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the third degree. He was sentenced to a prison term of six years to life for criminal possession of a controlled substance in the second degree and given jail terms for the remaining crimes which merged with the prison sentence. Defendant appeals.

Initially, inasmuch as defendant did not move to withdraw his guilty plea or to vacate his conviction, he has failed to preserve for our review his claim that his plea was not knowing, voluntary and intelligent (*see, People v Lewis*, 210 AD2d 743; *People v Perez*, 203 AD2d 665, *lv denied* 83 NY2d 970). Nevertheless, were we to consider this claim, we would find it to be without merit. The transcript of the plea allocution discloses that County Court fully informed defendant of the ramifications of pleading guilty to the subject crimes. Defendant indicated that he understood the court's admonitions, was not coerced into pleading guilty or under the influence of drugs or alcohol, and wished to plead guilty. In view of this, we find that defendant's guilty plea was knowing, voluntary and intelligent (*see, People v Gordon*, 232 AD2d 675; *People v Bennett*, 223 AD2d 431).

Likewise, we reject defendant's contention that he was denied the effective assistance of counsel. Considering defense counsel's conduct during the entirety of the proceedings, defendant was provided meaningful representation (*see, People v Santiago*, 227 AD2d 657; *People v Bryant*, 221 AD2d 774). Lastly, we do not find that the sentence imposed was harsh or excessive given the quantity of the drugs recovered from defendant's vehicle. Furthermore, the sentence was not the harshest allowable under the statute (*see, People v Vasquez*, 231 AD2d 755).

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.