■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN FELICIANO, Appellant. [659 NYS2d 125] —Cardona, P. J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered October 11, 1996, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in a multicount indictment with various drug-related crimes arising from his sale of narcotics on four separate occasions in the City of Amsterdam, Montgomery County. He subsequently pleaded guilty to the crime of criminal sale of a controlled substance in the third degree in full satisfaction of the indictment and was sentenced to $3^1/_2$ to $10^1/_2$ years in prison. On appeal, defendant argues, *inter alia*, that his guilty plea was not knowing, voluntary and intelligent, and that he was denied the effective assistance of counsel.

Initially, inasmuch as defendant did not make a motion to withdraw his guilty plea or to vacate the judgment of conviction, he may not challenge the sufficiency of his guilty plea on appeal (*see, People v Comer*, 236 AD2d 658; *People v Miller*, 234 AD2d 811; *People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994). Nevertheless, were we to consider the merits of this claim, we would find it to be unavailing. The record discloses that County Court took painstaking efforts to explain to defendant the ramifications of pleading guilty, including the many rights he would be waiving as a result thereof. Although defendant had difficulty understanding the English language, County Court appointed a Spanish-speaking interpreter to assist defendant in understanding the proceedings and allowed defendant to confer with his attorney on a number of occasions to obtain further clarification. In answering the court's questions during the plea allocution, defendant indicated that he knew what was transpiring and wished to plead guilty of his own free will. Therefore, we find no basis for vacating the guilty plea (*see, People v Comer, supra*, at 658; *People v Nardi*, 232 AD2d 673, *lv denied* 89 NY2d 927; *People v Berezansky*, 229 AD2d 768, *lv denied* 89 NY2d 919; *see also, People v Carmona*, 111 AD2d 930).

Likewise, we find no merit to defendant's claim that defense counsel was ineffective. While defendant asserts that defense

counsel should not have advised him to plead guilty but should have pursued the agency defense to the charges of sale of a controlled substance, we do not find that defense counsel's strategy amounts to ineffective assistance given defendant's admission to selling the drugs "as a favor" for his employer and his potential exposure to a much lengthier prison sentence if convicted after trial. Based upon our review of the record, we find that defendant was afforded meaningful representation (*see, People v Comer, supra,* at 658; *People v Bass,* 236 AD2d 651; *People v Harris,* 235 AD2d 941).

Defendant's remaining arguments have been examined and found to be without merit or unpreserved for appellate review.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.