(March 18, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTO, Appellant. [686 NYS2d 897] —Peters, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 15, 1998, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was indicted on two counts of the crime of promoting prison contraband in the first degree. He subsequently pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to a prison term of 1½ to 3 years to run consecutively with the sentence he was then serving. Defendant appeals contending that he did not receive effective assistance of counsel and that his guilty plea was not knowingly, voluntarily and intelligently made.

Initially, we note that defendant did not move to vacate the judgment or withdraw his guilty plea and thus his claims have not been preserved for our review (see, People v Santos, 247 AD2d 651, lv denied 92 NY2d 905; People v Feliciano, 240 AD2d 903). In any event, we find no merit to defendant's claim that his counsel was ineffective. Defense counsel's alleged failure to advise defendant that questions of fact existed with regard to the first count of the indictment, which may or may not have been sufficient to raise reasonable doubt had the case gone to trial, was a strategic decision that does not amount to ineffective assistance particularly since he obtained a favorable plea agreement with a shorter prison term than the one to which he would have been exposed if convicted after trial (see, People v Feliciano, supra, at 904). As such, we find that defendant was afforded meaningful representation.

We are similarly unpersuaded by defendant's claim that his guilty plea was not knowing, voluntary and intelligent. A transcript of the plea proceedings reveals that County Court thoroughly instructed defendant concerning the consequences of pleading guilty and the rights that he would waive by doing so. Defendant indicated that he understood the ramifications of the plea agreement and further asserted that he was neither under the influence of drugs or medication nor being coerced into pleading guilty to the lesser charge. Based on the forego-

ing, we find no basis for vacating the guilty plea (*see, People v Santos, supra*, at 652; *People v Martinez*, 243 AD2d 923, 924-925).

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.