■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HALPIN, Appellant. [691 NYS2d 579] —Cardona, P. J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 18, 1998, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In full satisfaction of a two-count indictment, defendant pleaded guilty to the crime of driving while intoxicated. He was sentenced to a term of 1 to 3 years in prison. On appeal, he contends that the indictment was defective and that County Court erred in accepting his guilty plea without granting his request for new assigned counsel.

Turning to defendant's challenge to the indictment, we note that "[t]he proper method of challenging the facial validity of an indictment is by a pretrial motion to dismiss and when not timely raised, the issue is not preserved for appellate review" (*People v Warden*, 170 AD2d 469, *lv denied* 77 NY2d 968; *see, People v Iannone*, 45 NY2d 589, 600). Here, defendant failed to include the alleged defects contained in the indictment in the stipulation in lieu of motions. In addition, the transcript of the plea proceedings indicates defendant's consent to an amendment of the indictment reflecting that the first count was based upon a chemical analysis of his blood and not his breath. Therefore, he waived his right to challenge the indictment on appeal. In any event, were we to address the merits, we would find defendant's claim unavailing inasmuch as he has failed to demonstrate that the amendment changed the theory of the case as presented to the Grand Jury or otherwise prejudiced him (*see,* CPL 200.70 [1]; *People v Teribury*, 229 AD2d 829, 829-830; *People v Diaz*, 175 AD2d 412, 413, *lv denied* 79 NY2d 826).

Likewise, we are unpersuaded by defendant's claim that County Court erred in failing to appoint new counsel prior to accepting his plea. "To be entitled to a new assigned counsel, the defendant must show 'good cause' for substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Burnett*, 228 AD2d 788, 791; *see, People v Sides*, 75 NY2d 822, 824; *People v Tenace*, 256 AD2d 928, 930). County Court made an inquiry to ascertain the reason for defendant's dissatisfaction with his attorney and, in our view, did not improvidently exercise its discretion since defendant failed to demonstrate that substitution was warranted. Thus, we find no error in County Court's acceptance of defendant's guilty plea, which the record reveals was knowing, voluntary and intelligent (*see, People v Soto*, 259 AD2d 904; *People v Feliciano*, 240 AD2d 903).

Mikoll, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.