■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT R. FURMAN, Appellant. [741 NYS2d 761] —Appeal from the judgment of Wayne County Court (Sirkin, J.), entered September 11, 2000, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to the contention of defendant, County Court properly refused to suppress the identifications of defendant by three witnesses who purchased drugs from him. Those witnesses were prior acquaintances of defendant and thus their identifications of him from a single photograph were merely confirmatory (see People v Rodriguez, 79 NY2d 445, 449-450). Further, the court properly refused to suppress the identification of defendant by an undercover police officer who identified defendant from a single photograph. The officer identified defendant from the photograph within 40 minutes after conversing with him and thus was merely confirming the identity of the suspect with whom he had spoken (see People v Montgomery, 213 AD2d 563, 564, affd 88 NY2d 926). Also contrary to the contention of defendant, the photo array from which a confidential informant identified him was not unduly suggestive (see People v Wooley, 249 AD2d 46, 49, lv denied 92 NY2d 863; see generally People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833).

Defendant's challenge to the factual sufficiency of the plea colloquy is not preserved for our review (see People v Lopez, 71 NY2d 662, 665), and this case does not fall within the rare case exception to the preservation doctrine (see People v Toxey, 86 NY2d 725, 726, rearg denied 86 NY2d 839; People v Cecilio, 255 AD2d 245, lv denied 92 NY2d 1048). To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his guilty plea (see People v Burke, 256 AD2d 1244, lv denied 93 NY2d 851), we conclude that it lacks merit (see People v Feliciano, 240 AD2d 903; People v Williams, 214 AD2d 420, lv denied 86 NY2d 805; see generally People v Baldi, 54 NY2d 137, 147). Contrary to defendant's contention, the record establishes that defense counsel vigorously pursued a possible agency defense at the Wade hearing. In addition, defense counsel placed on the record during the

plea proceeding his view that defendant had a "legitimate" agency defense on certain counts of the 10-count indictment, which nonetheless might not have been effective at trial, and further stated that he had sent defendant a four-page letter outlining the strengths and weaknesses of defendant's case. Further, defense counsel negotiated a favorable plea bargain for defendant, who faced a far greater potential sentence after trial (see *Feliciano*, 240 AD2d at 904). Finally, defendant was sentenced as a second felony offender to the minimum legal sentence for a class B felony conviction, and thus his negotiated sentence cannot be deemed unduly harsh or severe. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.