■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE M. RUSH, Appellant. [908 NYS2d 310]—

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered July 19, 2007. The judgment convicted defendant, upon his plea of guilty, of murder in the

second degree (two counts) and attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of attempted robbery in the first degree and vacating the plea with respect to that crime and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the third count of the indictment only.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea colloquy by failing to move to withdraw the plea on that ground or to vacate the judgment of conviction, and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]). Contrary to the contention of defendant, his factual recitation did not indicate that he had a potential defense to the intentional murder count, and thus Supreme Court had no duty to make a further inquiry into such a defense (*see id.* at 666; *People v Oldham*, 24 AD3d 1289 [2005], *lv denied* 6 NY3d 779 [2006]). We reject the further contention of defendant that the court erred in denying his pro se motion to withdraw the guilty plea without conducting a hearing (*see generally People v Baret*, 11 NY3d 31, 33 [2008]). The court gave defendant "ample opportunity to be heard" with respect to his contention that his decision to plead guilty was based upon a misunderstanding concerning his potential sentence (*People v Cross*, 262 AD2d 223, 223 [1999], *lv denied* 94 NY2d 902 [2000]).

As defendant contends, and the People correctly concede, however, the plea with respect to attempted robbery in the first degree must be vacated because the court failed to advise defendant before he entered the plea that his sentence would include a period of postrelease supervision (*see People v Hill*, 9 NY3d 189, 191-192 [2007], *cert denied* 553 US 1048 [2008]; *People v Catu*, 4 NY3d 242, 245 [2005]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for further proceedings on the third count of the indictment only. Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.