# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1128**
**KA 11-01009**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                  V                               MEMORANDUM AND ORDER

CARLOS I. APONTE, DEFENDANT-APPELLANT.

---

O'CONNOR & KRUMAN, P.C., CORTLAND (A.L. BETH O'CONNOR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S.
Sperrazza, J.), rendered June 13, 2008. The judgment convicted
defendant, after a nonjury trial, of criminal sexual act in the first
degree, sexual abuse in the first degree, sexual abuse in the third
degree, and criminal sexual act in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified as a matter of discretion in the interest of
justice and on the law by reversing that part convicting defendant of
sexual abuse in the first degree and dismissing the second count of
the indictment, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him after a
nonjury trial of, inter alia, sexual abuse in the first degree (Penal
Law § 130.65 [1]), defendant contends that the conviction is not
supported by legally sufficient evidence. Although defendant failed
to preserve that contention for our review (*see People v Gray*, 86 NY2d
10, 19), we exercise our power to review that contention with respect
to the conviction of sexual abuse in the first degree as a matter of
discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We
agree with defendant that the conviction of that crime is not
supported by legally sufficient evidence with respect to the element
of forcible compulsion (*see* Penal Law § 130.65 [1]). The victim's
testimony that defendant would sometimes threaten that he was "going
to ground [her] or . . . hit [her] if [she did not] open the door" was
insufficient to establish that defendant "place[d the victim] in fear
of immediate death or physical injury" on the specific occasion in
question (§ 130.00 [8] [b]). We therefore modify the judgment by
reversing that part convicting defendant of sexual abuse in the first
degree and dismissing the second count of the indictment.

Viewing the evidence in light of the elements of the remaining

crimes of which defendant was convicted in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant failed to preserve for our review his further contention that the indictment failed to indicate specifically when the crimes charged therein allegedly occurred (*see People v Halpin*, 261 AD2d 647, 647, *lv denied* 93 NY2d 971), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court