The People of the State of New York, Respondent,
against
Earl Whidbee, Appellant.




New York City Legal Aid Society (Harold V. Ferguson, Esq.), for appellant.
District Attorney Kings County (Leonard Joblove, Joyce Slevin, Daniel Berman of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Kings County (Rosemarie Montalbano, J.), rendered July 6, 2015. Each judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.




ORDERED that the judgments of conviction are affirmed.
Defendant, while represented by counsel, pleaded guilty to two separate charges of criminal contempt in the second degree (Penal Law § 215.50 [3]) in satisfaction of two accusatory instruments charging him with multiple counts of criminal contempt in the second degree. In the same proceeding, the Criminal Court sentenced defendant, on each judgment of conviction, to a conditional discharge, and orders of protection were issued in favor of the complainant. On appeal, defendant claims that his guilty pleas were not entered voluntarily, knowingly and intelligently.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the [*2]preservation requirement has been recognized where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Louree, 8 NY3d 541, 546 [2007]). Here, since defendant was sentenced in the same proceeding in which he entered his plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao, 26 NY3d at 381). Therefore, defendant's claim is reviewable on a direct appeal from the judgment of conviction despite the fact that defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Sougou, 26 NY3d 1052, 1054 [2015]).
In order to be valid, a guilty plea must be entered voluntarily, knowingly and intelligently (see People v Mox, 20 NY3d 936 [2012]; People v Hill, 9 NY3d 189, 191 [2007]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). A plea is voluntary if it represents a choice freely made by the defendant among legitimate alternatives (see North Carolina v Alford, 400 US 25, 31 [1970]; People v Hale, 93 NY2d 454, 463 [1999]), and voluntariness is determined by consideration of all of the relevant circumstances (see Brady v United States, 397 US 742, 749 [1970]; Conceicao, 26 NY3d at 382). So long as the record as a whole "affirmatively disclose[s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily," the plea will be upheld (People v Harris, 61 NY2d 9, 19 [1983] [internal quotation marks omitted]; see also Conceicao, 26 NY3d at 379; People v Tyrell, 22 NY3d 359, 366 [2013]).
Contrary to defendant's contention, the court was not required to inquire into any of defendant's possible affirmative defenses, since there was no mention of a possible defense during the plea proceeding and since defendant's allocution did not cast doubt on his guilt or negate an essential element of the criminal contempt charges (see People v Rush, 77 AD3d 1361 [2010]; People v Ortega, 70 AD3d 416 [2010]; People v Fiallo, 6 AD3d 176 [2004]; People v Morera, 202 AD2d 355 [1994]). Additionally, the fact that defendant may have been motivated to plead guilty by a desire not to lose his impending job and to avoid remaining incarcerated while awaiting trial did not render his pleas involuntary and is not a ground to invalidate them (see People v Thompkins, 233 AD2d 759 [1996]; People v Ryan, 191 AD2d 814 [1993]; People v McKenna, 51 Misc 3d 62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Thus, reviewing the record "as a whole and the circumstances of the plea in its totality" (Sougou, 26 NY3d at 1055), we find that there was an affirmative showing that defendant had entered his pleas voluntarily, knowingly, and intelligently, and that no grounds have been set forth by defendant sufficient to vacate those pleas (see Conceicao, 26 NY3d at 379; People v Seeber, 4 NY3d 780 [2005]; People v Lopez, 71 NY2d 662, 666 [1988]).
Accordingly, the judgments of conviction are affirmed.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017