Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 2, 2015. The judgment convicted defendant, upon her plea of guilty, of kidnapping in the second degree (three counts) and criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Erie County Court for further proceedings on the indictment.
 

 Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of three counts of kidnapping in the second degree (Penal Law § 135.20) and one count of criminal possession of a weapon in the second degree (§ 265.03 [3]). During the plea colloquy, County Court indicated that it would sentence defendant to concurrent indeterminate terms of 3 to 6 years pursuant to Penal Law § 60.12. Section 60.12 allows a court to impose indeterminate terms of imprisonment for certain defendants who are facing determinate terms of sentences under section 70.02 if the defendant has been the victim of domestic abuse. The court here in fact imposed concurrent, indeterminate terms of 3 to 6 years pursuant to section 60.12 (2) (a) for the kidnapping counts, but imposed a concurrent determinate sentence of 3V2 years with 5 years of postrelease supervision on the weapon count pursuant to sections 70.02 (3) (b) and 70.45 (2) (f).
 

 The People correctly concede that the court failed to fulfill its obligation to advise defendant at the time of her plea that the sentence imposed upon her conviction of the weapon count would include a period of postrelease supervision (see People v Catu, 4 NY3d 242, 244-245 [2005]). We therefore reverse the judgment and vacate defendant’s plea (see People v Cornell, 16 NY3d 801, 802 [2011]). Contrary to the People’s contention, under the circumstances of this case, the entire plea must be vacated and not merely the plea on the weapon count. The entire plea agreement was infected by the court’s error in failing to advise defendant of postrelease supervision, and this is not a case in which the counts may be treated separately (cf. People v Rush, 77 AD3d 1361, 1362 [4th Dept 2010], lv denied 15 NY3d 955 [2010]).
 

 Present—Smith, J.P., Centra, Carni, Cur-ran and Troutman, JJ.