■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON TARRANT, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered February 18, 1983, convicting him of attempted

robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant pleaded guilty to the crime of attempted robbery in the first degree in satisfaction of several pending charges. Prior to imposing sentence, the court erroneously stated that defendant had pleaded guilty to attempted burglary in the first degree. Defendant now contends that his sentence should be vacated and the matter remitted for resentencing. We disagree.

Viewed in context, it is apparent that the court merely misspoke and in fact intended to and did impose sentence for the appropriate crime, attempted robbery in the first degree. All other references are to attempted robbery in the first degree and all papers and documents refer to attempted robbery in the first degree. The sentence imposed, an indeterminate term of imprisonment of 1½ to 4½ years, was the negotiated term and was, moreover, the minimum sentence possible for both attempted robbery in the first degree and attempted burglary in the first degree. Under the circumstances, a remittitur for what must necessarily be reimposition of the same sentence would serve no purpose whatsoever.

Defendant's challenge to the plea allocution was not preserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636; *People v Guerra,* 99 AD2d 787). In any event, we find no merit to defendant's contention that the plea should have been rejected as involuntarily or improvidently entered (*see, People v Harris,* 61 NY2d 9). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.