■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERNELL COOK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 8, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gale, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Judgment affirmed.

On February 20, 1980, approximately 20 officers of the Nassau County Police Department and the Village of Freeport Police Department were stationed in the vicinity of 302 North Main Street, Freeport, New York, preparing to execute a search warrant at those premises. These officers also had warrants for the arrest of a number of individuals who were believed by the police to be trafficking in narcotics from an apartment at that location. The search warrant had been

obtained on the basis of independently verified information provided by an informant who also was to assist in the execution of the warrant.

The informant was sent by police into the target building in order to purchase an amount of heroin. The informant returned and confirmed that there was heroin present at the subject location. He also informed a police detective on the scene that the defendant, who was washing a car outside the building where the police raid was to take place, was in possession of a handgun. Specifically, the informant told the detective that the defendant, whom the informant identified by name, had removed a handgun from his waistband and had placed it in the trunk of the car.

Based on the foregoing information, the detective notified all the police units in the area that "this is a hit", and the warrant was executed. While the 20 or so police officers at the scene converged upon the building, the detective and a fellow officer approached the defendant and, allegedly with his consent, searched the trunk of his vehicle. This search led to the seizure of a handgun, and eventually, to the defendant's indictment for criminal possession of a weapon in the third degree. The defendant was convicted after trial, and this appeal followed. We now affirm.

The warrantless search of the defendant's vehicle was justified under the "emergency" exception to the warrant requirement. The elements of the emergency doctrine, as defined by the Court of Appeals are:

"(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

"(2) The search must not be primarily motivated by intent to arrest and seize evidence.

"(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched" (People v Mitchell, 39 NY2d 173, 177-178, cert denied 426 US 953).

Here, the police were advised by someone who, at that point, was a reliable informant, that a named individual in front of the target premises had placed a gun in his vehicle. The safety of the 20 or so officers who were about to execute the search and arrest warrants was placed in jeopardy by the presence of that weapon. It was unknown whether the defendant was related to the narcotics activity in the subject building, and it would have been unreasonable to require the

officers to risk their safety on the possibility that the defendant was an armed, but innocent, bystander.

Under the circumstances, including the immediacy of the danger, given the imminent narcotics raid, the officers who conducted the search of the defendant's vehicle had reasonable grounds to believe that an emergency existed, and that, for the sake of safety, it was necessary to conduct an immediate search of the vehicle's trunk (see, People v Mitchell, supra; People v Lenart, 91 AD2d 132; People v DeVito, 114 AD2d 374). "The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others" (Warden v Hayden, 387 US 294, 298-299, quoted in People v Mitchell, supra, at p 180). Additionally, the circumstances indicate that the search of the defendant's vehicle was motivated primarily by concern for the safety of the officers executing the warrant on the nearby apartment, rather than by a desire to obtain evidence to be used against the defendant (see, People v Mitchell, supra; People v Lenart, supra). Accordingly, the warrantless search of the defendant's vehicle was justified. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.