■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIFFANY COLLINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered February 23, 1984, convicting her of kidnapping in the first degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion

which was to suppress statements she made to an agent of the Federal Bureau of Investigation (hereinafter the FBI).

Ordered that the judgment is affirmed.

The defendant argues that her guilt was not proven beyond a reasonable doubt. For the reasons discussed in *People v Valero* (134 AD2d 635 [decided herewith]), we find this contention to be unsupported by the record.

The defendant next contends that it was error for the hearing court to deny that branch of her omnibus motion which was to suppress certain statements made by her to an agent of the FBI when personnel of that agency rescued the complainant. After conducting a hearing, the court held that exigent circumstances had existed which allowed the FBI to make a warrantless entry into the defendant's apartment *(see, People v Mitchell,* 39 NY2d 173; *People v Cook,* 117 AD2d 748). The FBI had become involved with the investigation into the complainant's disappearance under a Federal law which presumes that, once a person has been missing for over 24 hours, they have been transported interstate *(see,* 18 USC § 1201 [b]). The FBI learned that the defendant and her codefendant Ferdinand E. Valero had been seen in the same area as the complainant shortly before she disappeared and had approached two girls with a proposition that they all "party" and "get high". They also learned that Valero had a reputation of being a pimp, that Collins was his prostitute and that they had previously approached young girls encouraging them to become prostitutes. The FBI record of Valero's prior brushes with the law revealed that he had several arrests involving the use of weapons, one arrest for murder and one for kidnapping. Through an informant, they ascertained the location of the defendant and her codefendant's apartment and shortly thereafter FBI agents made a warrantless entry and discovered the complainant in a confused and disoriented state. We find that the evidence adduced at the hearing was sufficient to support the finding of the court that the FBI had reasonable grounds to believe that there was an immediate need for their assistance to protect the complainant's well-being *(see, People v Mitchell, supra; People v Cook, supra).*

The defendant claims that the mandatory minimum sentence required by Penal Law § 70.06, as applied to her, is unconstitutional. In *People v Broadie* (37 NY2d 100), the Court of Appeals recognized that, while mandatory sentencing statutes were not unconstitutional per se, they could be unconstitutional when applied to a particular defendant because of unusual or extenuating circumstances surrounding his or her

case. While the defendant alleges that she was a mere tool of her codefendant and under his complete control, the record reveals that she was instrumental in luring the victim into their car and was a willing participant in the sexual abuse of the complainant during the week she was held a prisoner in their apartment. It is, therefore, abundantly clear that this is not that rare case envisioned by *Broadie* which, on its particular facts, indicates that the statute has been unconstitutionally applied *(see, People v Broadie, supra; People v Mackle,* 105 AD2d 848).

We have examined the defendant's remaining arguments and find them to be either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur. *[See,* 120 Misc 2d 539.]