■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FAY SMITH, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Madison County (Kepner, J.), rendered December 7, 1987, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

In August 1987, defendant, a 70-year-old man, was indicted and charged with one count of sodomy in the first degree, four counts of sexual abuse in the first degree, four counts of endangering the welfare of a child and one count of unlawful imprisonment in the second degree. These charges all stemmed from defendant's alleged sexual contact and his confinement of a nine-year-old girl. Defendant had previously been convicted of sodomy in the third degree for performing deviate sexual acts with an eight-year-old girl and was sentenced to a period of probation. With respect to the present charges, defendant engaged in numerous pretrial conferences and, in accordance with a negotiated plea agreement, eventually pleaded guilty to sodomy in the first degree in full satisfaction of the indictment. Following defendant's plea, he was sentenced in accordance with the plea agreement as a first felony offender and County Court imposed an indeterminate prison sentence of 4 to 12 years. Defendant now appeals.

There must be an affirmance. Defendant's principal argument on appeal is that, in light of defendant's age and poor health, County Court abused its discretion by failing to order a physical examination of defendant prior to sentencing (see, CPL 390.30 [2]). The presentence report indicates that defendant suffers from diabetes and high blood pressure, as well as various other ailments. At sentencing, defense counsel set forth "for the record" aspects of defendant's medical condition and history. Significantly, however, neither the Probation Department, defense counsel nor defendant himself asserted at any time that incarceration would either be detrimental to defendant's health or exacerbate any existing medical condition to such an extent as to be fatal, nor asserted that the medical facilities of the State correctional facilities would be unable to adequately treat him (cf., People v Notey, 72 AD2d 279). Since we see nothing in the record before us to demonstrate that County Court abused its discretion in not ordering a physical examination, we find that defendant's argument on this point is without merit.

Defendant also contends that his plea was not voluntarily

made because, in pleading guilty to sodomy in the first degree, he did not admit the factual underpinnings of the charged crime. We initially note that defendant failed to preserve this issue by moving to withdraw his guilty plea or to vacate his judgment of conviction (see, People v Lopez, 71 NY2d 662, 665). Were we to exercise our discretionary power to review any alleged error in the allocution, we would nonetheless find that defendant's plea was a knowing and voluntary one. Despite defendant's contention otherwise, his failure to admit sufficient facts to establish each and every element of the charged offense at his allocution does not, as a matter of law, preclude a valid plea of guilty (see, People v Di Paola, 143 AD2d 487, 488). "All that is required is a finding that defendant's plea 'represents a voluntary and intelligent choice among the alternative courses of action open' " (supra, at 487, quoting North Carolina v Alford, 400 US 25, 31). Here, County Court conducted a thorough inquiry as to whether defendant wished to plead guilty notwithstanding his denial of the facts constituting the crime (see, People v Jackson, 140 AD2d 713). Defendant indicated to the court that he was pleading guilty to avoid the risk of a potentially greater prison term if he was convicted after a jury trial and also to avoid having the victim testify. Significantly, the evidence of guilt gathered against defendant was substantial, including several nude Polaroid photographs of the victim taken by defendant. With these factors in mind, defendant obviously concluded that his interest required an entry of a guilty plea, the acceptance of which was totally proper by County Court (see, People v Friedman, 39 NY2d 463, 466).

Finally, defendant has demonstrated no extraordinary circumstances which would justify a reduction in the sentence imposed (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899). Not only was defendant not sentenced as a predicate felon, he did not even receive the maximum sentence for a first felony offender. Accordingly, County Court's judgment must be affirmed in all respects. Defendant's remaining arguments have been examined and have been found to be without merit.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.