■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURICLE BRAY, Respondent.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Mackston, J.), imposed March 30, 1987, upon his conviction of grand larceny in the third degree, upon his plea of guilty, the sentence being six months' imprisonment, five years' probation, and a $2,054.34 restitution charge.

Ordered that the sentence is modified, on the law, by vacating the provision thereof which requires the defendant to make restitution of $2,054.34; as so modified, the sentence is affirmed and the matter is remitted to the County Court, Nassau County, for a finding as to the fruits of the offense as required by Penal Law § 60.27, a new determination of the amount of restitution required and the manner of payment, and further proceedings pursuant to CPL 460.50 (5).

At the time of sentence and as a condition thereof, the court required the defendant to pay restitution in an amount and manner fixed by the Probation Department in its presentence report. The Probation Department apparently based the amount of restitution solely on the complainant's statements set forth in a restitution summary. The Probation Department thereafter set a different manner of payment for the restitution.

We find that the court improperly delegated to the Probation Department the authority to determine the manner of restitution (see, *People v Fuller,* 57 NY2d 152; *People v Clougher,* 95 AD2d 860). We further find that, although the sentencing court properly employed the Probation Department as a preliminary fact finder, the record was insufficient to enable the court to make a finding as to the fruits of the offense so that a hearing should have been conducted (see, *People v Credidio,* 141 AD2d 661, 663). Mollen, P. J., Mangano, Thompson and Kunzeman, JJ., concur.