■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McGOURTY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered May 26, 1988, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and operating a motor vehicle while under the influence of alcohol.

In April 1988, as part of a plea-bargain arrangement, defendant pleaded guilty to one count of burglary in the third degree in full satisfaction of a two-count indictment. Pursuant to the agreement, defendant was later allowed to, among other things, plead guilty to a reduced misdemeanor charge of driving while under the influence of alcohol. Thereafter, defendant was sentenced, as a second felony offender, to an indeterminate prison term of 2 to 4 years on the burglary conviction. He also received a fine and a definite term of one year for the misdemeanor conviction, to be served concurrently with the burglary sentence. This appeal followed.

We affirm. Initially, defendant contends that his plea of guilty was not voluntarily made. Notably, defendant failed to preserve this issue for appellate review by either moving to withdraw his plea or by moving to vacate his judgment of conviction *(see, People v Smith,* 146 AD2d 828, *lv denied* 74 NY2d 669). Since defendant's plea allocutions were both clear and unequivocal, we see no reason to reverse on this issue as an exercise of discretion in the interest of justice. Next, we find no merit to defendant's claim that the mandatory minimum sentence on the burglary conviction required by Penal Law § 70.06 imposed upon him as a second felony offender is unconstitutional as applied to him. We see nothing unusual or

extenuating concerning the particular facts surrounding defendant's case to indicate that the statute was unconstitutionally applied (see, People v Collins, 134 AD2d 607, lv denied 70 NY2d 1005; see also, People v Broadie, 37 NY2d 100, cert denied sub nom. Brown v New York, 423 US 950). Finally, in our view, defendant's sentence was neither harsh nor excessive.

Judgment affirmed. Mahoney, P. J., Kane, Levine, Mercure and Harvey, JJ., concur.