■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. PERROTTI, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 15, 1988, convicting defendant upon his plea of guilty of two counts of the crime of assault in the first degree.

Defendant entered the home of his sister-in-law, Vivian Chestnut, and fired at her at close range with a 16-gauge shotgun, striking her in the lower abdomen. Defendant then struck his estranged wife, Valerie Perrotti, over the head, first with the shotgun and then with a ceramic crock pot. As a result, defendant was charged by an indictment alleging two counts each of attempted murder in the second degree, burglary in the first degree and assault in the first degree. Following unsuccessful *Huntley* and *Mapp* hearings and after a trial jury had been selected, defendant, with the assistance of retained counsel and in accordance with a plea bargain placed on the record, entered pleas of guilty to the two counts of assault in the first degree in full satisfaction of the indictment, with the specific understanding that he would be sentenced to consecutive prison terms of 5 to 15 years and 3⅓ to 10 years.* Defendant was sentenced in accordance with the plea bargain and now appeals.

Defendant's primary contention is that the plea allocution does not support a conviction of assault in the first degree with respect to either Perrotti or Chestnut. Initially, since defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon, the issue is not preserved for our review *(see, People v George,* 137 AD2d 876). Second, it is well settled that a bargained-for guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed *(see, People v Adams,* 57 NY2d 1035, 1038). Here, defendant was permitted to plead to the

---

* Because both of the offenses for which defendant was convicted were class C felonies, the aggregate maximum term cannot exceed 20 years *(see,* Penal Law § 70.30 [1] [c] [i]).

two lowest counts of the indictment in full satisfaction thereof, while counts alleging attempted murder in the second degree and burglary in the first degree, for which there was a sufficient factual predicate, were dismissed. Furthermore, reversal is not required in the interest of justice since the record supports a finding that the plea was knowingly and voluntarily entered with the assistance of competent counsel *(see, People v Caban,* 131 AD2d 863) and represented "a voluntary and intelligent choice among the alternative courses of action open" *(North Carolina v Alford,* 400 US 25, 31; *see, People v Francabandera,* 33 NY2d 429, 434; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Foster,* 19 NY2d 150).

We also reject defendant's contention that County Court impermissibly imposed consecutive sentences. Clearly, the assault upon Chestnut and the ensuing assault upon Perrotti were separate, successive acts *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 842-843). The contentions in the *pro se* supplemental brief that defendant was denied effective assistance of counsel, procedural due process and equal protection have been considered and have been found to be either unpreserved for our review or without merit. Finally, we find no basis for reduction of the sentence in the interest of justice. "Having received the benefit of his bargain, defendant should be bound by its terms" *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918).

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.