■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. BROWN, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 9, 1990, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and forgery in the second degree.

We reject defendant's contention that the sentences he received were harsh and excessive. As a second felony offender, he was sentenced to a prison term of 1½ to 3 years on his conviction of grand larceny in the fourth degree and to a term of 2 to 4 years on his conviction of forgery in the second degree. The sentences were imposed in accordance with the plea negotiations and the fact that they were to be served consecutively was also part of the plea-bargain agreement (see, People v Perrotti, 153 AD2d 992, lv denied 75 NY2d 774). Additionally, both sentences were well within the statutory guidelines (Penal Law § 70.06 [3], [4]). Under these circumstances, and given defendant's criminal background, we cannot say that County Court abused its discretion in imposing those sentences (see, People v Dean, 155 AD2d 774, lv denied 75 NY2d 812). However, while the court properly fixed the amount of restitution to be paid by defendant, it failed to fix the manner of payment (see, People v Fuller, 57 NY2d 152; People v Bray, 150 AD2d 788; see also, People v Baker, 156 AD2d 766). The matter must therefore be remitted to County Court for its determination of the manner and time for payment of restitution (see, People v Watkins, 155 AD2d 997).

Mahoney, P. J., Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by remitting the matter to the County Court of Chemung County for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed.