■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ESPINAL, Appellant.—Appeal from a judgment of

the County Court of Chemung County (Castellino, J.), rendered July 20, 1990, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant contends that his guilty plea was not entered into knowingly and intelligently because County Court made no attempt to determine if he understood English. Initially, we note that defendant's failure to move to withdraw his guilty plea or to make a postverdict motion to vacate the judgment of conviction precludes appellate review of the sufficiency of the plea allocution (see, People v Lopez, 71 NY2d 662, 665; People v Claudio, 64 NY2d 858). In any event, there is nothing in the record which indicated that defendant was having trouble understanding the proceedings such that an interpreter was required. Instead, the record establishes that defendant understood the significance and effect of his plea and what rights he was waiving and, therefore, the plea was knowingly, intelligently and voluntarily made (see, People v Navarro, 134 AD2d 460; People v Clickner, 128 AD2d 917, lv denied 70 NY2d 644).

Mahoney, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.