(October 27, 1994)

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIR MOHAMMED, Appellant. [617 NYS2d 955] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 12, 1991, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Originally indicted on two counts of murder in the second degree, defendant entered pleas of not guilty and the case was placed on the trial calendar. On July 26, 1991, he pleaded guilty to the second count of the indictment, in full satisfaction thereof, and waived his right to appeal. On August 12, 1991, after receipt of the probation report and in accordance with the plea agreement, defendant was sentenced to the most lenient permissible sentence—an indeterminate prison sentence of 15 years to life. Defendant now appeals his conviction on the grounds that his plea was not knowingly and voluntarily made and that he was denied his right to a fair trial as a result of an incompetent interpreter and coercion by his defense counsel to accept the plea arrangement.

Our review of the record reveals that defendant's plea was " 'a voluntary and intelligent choice among * * * alternative courses of action' " *(People v Legault,* 180 AD2d 912, 913, *lv denied* 79 NY2d 1051, quoting *North Carolina v Alford,* 400 US 25, 31; *see, People v Di Paola,* 143 AD2d 487). He entered his plea and waived his right to appeal with full knowledge of

the consequences of his actions after extensive advice from counsel. Further, his contention that this plea was not voluntarily and intelligently made due to his unfamiliarity with the English language is unavailing in light of the absence of evidence in the record that he was having trouble understanding the interpreter or the significance and effect of his plea and the rights that he was waiving (see, People v Espinal, 176 AD2d 417; People v Martes, 154 AD2d 946, lv denied 75 NY2d 870; People v Santana, 151 AD2d 518). We note that defendant, a native of Afghanistan and speaking the language of Pushtu, was provided with an interpreter who spoke such language. County Court took great pains to ensure that defendant could understand his interpreter and that the interpreter understood defendant before the commencement of allocution.

The record further reflects that County Court painstakingly reviewed with defendant the rights he waived by his plea of guilty. Defense counsel also specifically noted on the record that he had explained to defendant the affirmative defense of extreme emotional disturbance and despite this defense and the possibility of asserting it at trial, defendant still chose to enter the plea. Therefore, we find that the plea was knowingly, intelligently and voluntarily made (see, People v Espinal, supra; People v Navarro, 134 AD2d 460).

Addressing defendant's contention regarding the competency of his interpreter, an issue raised for the first time on appeal, we find defendant's challenge untimely (see, United States v Villegas, 899 F2d 1324, cert denied 498 US 991). Finally, we reject defendant's contention that his plea was the product of coercion by counsel due to the advice given that if convicted after trial, defendant would have received a harsher sentence than he received on his plea to one count of the indictment (see, People v Ryan, 191 AD2d 814).

Accordingly, the judgment is affirmed. Crew III, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.