■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAO KHAMSYBOUNHEVANG, Appellant. [655 NYS2d 198] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 8, 1996, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

Defendant, a native of Laos who speaks English with some difficulty, was indicted and charged with one count each of the crimes of criminal sale of a controlled substance in the first, second and third degrees for events occurring on three different dates. Initially, County Court refused to accept the negotiated plea agreement because of defendant's indication that he had never transferred cocaine to undercover police officers. Four days later, the court accepted defendant's plea of guilty which included a waiver of his right to appeal (*see, People v Seaberg*, 74 NY2d 1).

Defendant's challenge to the sufficiency of his plea allocution is unpreserved for review since he did not move to withdraw his guilty plea or to vacate the judgment of conviction (*see, People v Lopez*, 71 NY2d 662, 665; *People v Rafter*, 234 AD2d 711). Furthermore, contrary to defendant's assertion on appeal, the case does not fall within the narrow exception to the preservation rule since, subsequent to defendant's statement casting doubt upon his guilt, County Court appropriately conducted a detailed inquiry to ensure that defendant had committed the crime to which he was pleading guilty and that his plea was knowing and voluntary (*see, People v Lopez, supra,* at 666; *People v Dobbins*, 220 AD2d 234, *lv denied* 87 NY2d 921; *see also, People v Woodberry*, 216 AD2d 597, 598, *lv denied* 86 NY2d 805).

Specifically, an examination of the record reveals that, prior to accepting the plea, County Court not only required defendant to recite, in English, the events of the crime to which he was pleading, but also required defendant to tell the same information to his interpreter, in Laotian, which the interpreter then translated. During the colloquy, the court also repeatedly inquired, of defendant directly and through his interpreter, whether defendant understood what he was admitting and what rights he was forsaking by entering a plea of guilty; this included a review of the possible defense of entrapment. Rather than creating confusion, as defendant asserts, County Court's inquiries in dual languages are indicative of the detailed manner in which the plea allocution was conducted (*see, People v Sosa*, 226 AD2d 921; *People v Mohammed*, 208 AD2d 1118, 1119, *lv denied* 85 NY2d 941).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.