■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTINEZ, Appellant. [663 NYS2d 398] —Spain, J. Appeal from a judgment of the County Court of Washington County

(Berke, J.), rendered October 20, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While an inmate at Washington Correctional Facility in Washington County, defendant was found to be in possession of a razor-type weapon. He was subsequently indicted for the crime of promoting prison contraband in the first degree. He ultimately pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years to run consecutive to the prison term he was then serving. Defendant appeals.

Initially, we find no merit to defendant's claim that he was denied the effective assistance of counsel. The record discloses that defense counsel filed appropriate pretrial motions, requested discovery and inspection of certain evidence, conducted effective cross-examination of the prosecution's witness during the *Mapp* hearing and conferred with defendant during the course of the proceedings. Viewing the record as a whole, we find that defendant was afforded meaningful representation (*see, People v Fish*, 240 AD2d 866; *People v Feliciano*, 240 AD2d 903, 904; *People v Keller*, 238 AD2d 758, 758-759).

As to defendant's challenge to the sufficiency of the allocution supporting his guilty plea, this claim has not been preserved for our review since defendant neither moved to vacate the judgment of conviction or to withdraw his guilty plea (*see, People v Feliciano, supra*, at 903; *People v Perrotti*, 153 AD2d 992, *lv denied* 75 NY2d 774; *People v Smith*, 146 AD2d 828, 829, *lv denied* 74 NY2d 669). Nevertheless, were we to exercise our discretionary power and consider this claim, we would find it to be without merit. While defendant contends that his plea was deficient insofar as he did not admit to possessing a razor-type weapon, "his failure to admit sufficient facts to establish each and every element of the charged offense at his allocution does not, as a matter of law, preclude a valid plea of guilty" (*People v Smith, supra*, at 829). "All that is required is a finding that defendant's plea 'represents a voluntary and intelligent choice among the alternative courses of action open'" (*People v Di Paola*, 143 AD2d 487, 488, quoting *North Carolina v Alford*, 400 US 25, 31; *see, People v Perrotti, supra*, at 993; *People v Smith, supra*, at 829). The transcript of the plea proceedings reveals that County Court gave defendant a detailed explanation of the ramifications of pleading guilty, including the rights he would be waiving by doing so. Defendant indicated that he understood the court's instructions,

wished to plead guilty to the lesser charge of attempted promoting prison contraband in the first degree in order to reduce prison exposure, and was not threatened or coerced into pleading guilty or under the influence of drugs or alcohol. Under these circumstances, we conclude that defendant's plea was knowing, voluntary and intelligent.

Defendant further asserts that he was improperly convicted of the crime of promoting prison contraband in the first degree instead of an attempt to commit that crime. It is clear that the crime of attempted promoting prison contraband in the first degree is what was promised as part of the plea bargain and this was reiterated by County Court during the course of the proceedings. During the plea allocution, defendant pleaded guilty to attempted promoting prison contraband in the first degree and County Court accepted his plea. Although County Court misstated the crime as promoting prison contraband in the first degree during sentencing, we find this error insignificant since defendant pleaded guilty to the appropriate crime and was sentenced accordingly. Lastly, we reject defendant's claim that the sentence is harsh and excessive given the severity of the crime and the fact that defendant agreed to the sentence as part of the plea bargain.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.