■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VONDERCHEK, Appellant. [667 NYS2d 129] —Mikoll, J. P. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 26, 1996, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant seeks vacatur of his guilty plea on the ground that his plea allocution was insufficient and in fact negated an essential element of the crime. By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant has failed to preserve his challenge for appellate review (*see, People v Lopez*, 71 NY2d 662; *People v Mao Khamsybounhevang*, 237 AD2d 828; *People v Welcome*, 190 AD2d 970, *lvs denied* 81 NY2d 977, 978). Nor does the record support defendant's contention that this case falls within the narrow exception to the preservation rule where the factual recitation incident to the plea "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra*, at 666).

Defendant was charged in a four-count indictment with sodomy in the first degree, sexual abuse in the first degree, sodomy in the third degree and endangering the welfare of a child, based upon an incident wherein defendant, age 48, orally sodomized a 14-year-old boy. Plea negotiations resulted in defendant entering a plea to sexual abuse in the first degree in full satisfaction of the indictment. Defendant's plea allocution indicated that he put his mouth on the victim's penis and when the boy "tried to roll away, I pulled him back and, yeah, and put the mouth back on it again". Defendant argues on appeal that this recitation failed to satisfy the forcible compulsion element of the crime, and that County Court thereupon was required to inquire further as to the voluntariness of the plea. This argument misapprehends the rule of *People v Lopez* (*supra*), which applies in those rare instances "where a defendant's factual recitation *negates* an essential element of the crime pleaded to" (*id.*, at 666 [emphasis supplied]), not where the sufficiency of the articulation of the element is challenged (*see, id.*, at 666, n 2).

Moreover, were we to reach defendant's claim on its merits, we would find it baseless since the record of the plea allocution reveals that defendant's entry of the guilty plea was knowing and voluntary.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.