■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GREEN, Appellant. [671 NYS2d 777] —Cardona, P. J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered August 1, 1994, convicting defendant upon his plea of guilty of the crime of manslaughter in the second degree.

On August 28, 1993 at approximately 7:45 A.M. Mark Smith, an inmate at Clinton Correctional Facility in Clinton County (hereinafter the facility), was stabbed to death. Defendant, also an inmate at the facility, was indicted for the crimes of murder in the first degree and promoting prison contraband in the first degree. Following a combined *Huntley-Wade* hearing, defendant's suppression motions were denied. Thereafter, he entered a guilty plea to the reduced charge of manslaughter in the second degree without admitting the underlying facts pursuant to *North Carolina v Alford* (400 US 25). Defendant was sentenced as a second felony offender to a prison term of 4 to 8 years, to be served consecutively to the 25 years to life sentence he was then serving. Defendant appeals.

The following facts are drawn from the suppression hearing.

On the morning of Smith's death, State Police Investigators, including Lawrence Bliss, arrived at the facility to conduct the investigation. Correction Lieutenant Bruce McCormick informed Bliss that a homemade knife had been found in defendant's cell. During defendant's interview, he denied knowing the victim and stated that he did not want to talk to the investigators. Therefore, the facility staff moved defendant to the officers' line-up room across the hall because his cell was unavailable due to the ongoing investigation. The door to the room occupied by defendant was left open to the hallway with defendant sitting at a table. Timothy Huff, a Senior Investigator with the State Department of Correctional Services, interviewed Jimmy Quinonos and Frederick Brown. Quinonos identified the person sitting in the officers' line-up room as the perpetrator of the homicide. Brown identified defendant by name. However, neither Quinonos nor Brown could identify defendant from a subsequent photo lineup. Brown and Quinonos were reinterviewed on September 21, 1993. During those interviews each gave similar descriptions of defendant's attack on Smith. Brown also told Huff that a week earlier he was present when defendant and Smith had an argument.

Defendant first contends that County Court improperly denied his motion to suppress the identification made by Quinonos as an impermissibly suggestive showup. The People counter that the identification did not come about as the result of deliberate State action but resulted from a spontaneous and unplanned encounter. We agree, under the facts herein, that defendant's presence in the officers' lineup room was not arranged by the investigating authorities for the purpose of effectuating an identification but by an administrative act by the facility staff pending defendant's relocation to another cell. Inasmuch as this was not a State-prompted identification procedure (*see, People v Newball,* 76 NY2d 587, 590-591), County Court properly denied defendant's suppression motion.

Defendant next contends that his guilty plea was not knowingly and voluntarily entered. He asserts that County Court failed to adequately question him to ensure that his plea was knowing and voluntary and that his potential defenses were knowingly waived. Initially, we note that this claim has not been preserved for our review inasmuch as defendant neither moved to vacate the judgment of conviction nor withdraw his guilty plea (*see, People v Lopez,* 71 NY2d 662; *People v Martinez,* 243 AD2d 923; *People v Crossin,* 242 AD2d 791). Nevertheless, were we to exercise our discretionary review power, we would find that it lacks merit. While it is true that where a

defendant's allocution negates an essential element of the crime a court may not accept a plea without further inquiry (*see, People v Lopez, supra,* at 666), our review of the record does not reveal that defendant's allocution negated an essential element of the crime. Notably, defendant was not required to and did not admit his participation in the acts constituting the crime (*see, North Carolina v Alford,* 400 US 25, 37, *supra*). Under circumstances such as these, where a defendant is represented by competent counsel and his or her plea "represents a voluntary and intelligent choice among the alternative courses of action open", the plea is valid (*id.,* at 31). Here, knowing that there was significant evidence of guilt in the form of eyewitness testimony and the recovery of the alleged weapon from his cell, defendant elected to limit his risk of conviction for murder and opted instead to accept a very favorable plea bargain (*see, People v Legault,* 180 AD2d 912, 913, *lv denied* 79 NY2d 1051).

Moreover, the transcript of the plea colloquy shows that County Court conducted a thorough inquiry to ensure that defendant entered his plea with full knowledge of the consequences of his actions (*see, People v Mohammed,* 208 AD2d 1118, *lv denied* 85 NY2d 941). Therefore, the record demonstrates that defendant's guilty plea was the product of a free and rational choice (*see, People v Smith,* 146 AD2d 828, *lv denied* 74 NY2d 669).

We have considered defendant's remaining contentions and find that they also lack merit.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.