(June 10, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MEDINA, Appellant. [693 NYS2d 632] —Graffeo, J. Appeals (1) from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 30, 1998, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree, and (2) by

permission, from an order of said court, entered November 9, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was charged with promoting prison contraband in the first degree after being found in possession of a sharpened metal lid of a can with a portion wrapped in electrical tape. Thereafter, defendant pleaded guilty to attempted promoting prison contraband in the first degree, a class E felony, and was sentenced as a second felony offender to a term of imprisonment of 1½ to 3 years, to run consecutively with the sentence he was serving for murder in the second degree. Defendant's motion pursuant to CPL article 440 to vacate his plea and judgment of conviction was denied by County Court. Defendant now appeals the judgment of conviction and, by permission of this Court, the order denying his CPL article 440 motion.

Defendant initially argues that Penal Law § 205.25 and the Department of Correctional Services Standards of Inmate Behavior are unconstitutionally vague. We disagree. Pursuant to Penal Law § 205.25 (2), "a person is guilty of promoting prison contraband in the first degree when * * * he knowingly and unlawfully makes, obtains or possesses any dangerous contraband". Contraband is defined as any item an inmate is "prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]), and pursuant to the Standards of Inmate Behavior contraband is classified as any item which could be used as a weapon or altered for such use. We find that the statute and inmate rule at issue provide adequate warning and are sufficiently explicit to inform a reasonable person of the nature of the offense prohibited (*see, People v New York Trap Rock Corp.*, 57 NY2d 371, 378-379; *People v Miller*, 106 AD2d 787, 789) and, therefore, are not unconstitutionally vague (*see, People v Brown*, 123 AD2d 473; *People v Miller, supra*, at 789).

Next, defendant's assertion that his plea allocution was invalid because he never admitted that the alleged contraband was "dangerous" is unavailing. During the plea allocution, defendant admitted that he possessed the sharpened lid of the can and that possession of such contraband was in violation of prison rules. Defendant also acknowledged that he wrapped a portion of the can lid with tape and he claimed to possess it to prevent becoming a victim of gang-related activity in the prison. Moreover, the record of the plea allocution demonstrates that defendant clearly understood the ramifications of the

guilty plea, and intelligently and voluntarily agreed to plead guilty to the lesser offense (see, People v Martinez, 243 AD2d 923, 924-925). We conclude that under these circumstances, defendant's purported failure to admit the facts establishing each and every element of the charged offense did not render defendant's plea invalid (see, id., at 924; People v Smith, 146 AD2d 828, 829, lv denied 74 NY2d 669), especially since his factual recitation did not cast doubt upon his guilt, the voluntariness of his plea or negate an essential element of the crime (see, People v Lopez, 71 NY2d 662, 666; People v Vonderchek, 245 AD2d 979, lv denied 91 NY2d 945).

Defendant's contention that reversal is required based on ineffective assistance of counsel is similarly without merit. The record reveals that defendant received adequate and meaningful representation from his attorney (see, People v Fish, 240 AD2d 866, lv denied 90 NY2d 1011), who negotiated a favorable plea bargain to a reduced charge carrying a lenient sentence (see, People v Diaz, 240 AD2d 961; People v Nicholls, 157 AD2d 1004, 1005). In addition, defendant has failed to demonstrate that his attorney neglected to pursue colorable claims (see, People v Garcia, 75 NY2d 973, 974).

Finally, defendant's claim of a constitutional violation of his right to a speedy trial occasioned by a delay between the date of the crime and the indictment is not supported by the record. Although an unreasonable and unjustifiable delay in prosecuting a defendant may necessitate a dismissal (see, People v Johnson, 226 AD2d 806, 807, lv denied 88 NY2d 937), the minimal delay in this case of approximately five months following the date of the offense to presentation to the Grand Jury did not result in a deprivation of defendant's due process rights (see, People v Scotti, 232 AD2d 775, lv denied 89 NY2d 946; People v Bryant, 65 AD2d 333, 336-337, appeal dismissed 46 NY2d 1037; compare, People v Staley, 41 NY2d 789; People v Gallup, 224 AD2d 838, 839), especially since defendant was not prejudiced by the delay and the District Attorney's office did not receive the results of the investigation from the State Police until approximately two months prior to the indictment (see, People v Allende, 206 AD2d 640, 642, appeal dismissed 84 NY2d 921; People v Johnson, 184 AD2d 862, 863).

We have considered defendant's remaining contentions and have found them to be lacking in merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.