■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIE EVANS, Appellant. (Appeal No. 1.) [704 NYS2d 418] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminally negligent homicide (Penal Law § 125.10) (two counts) and upon a jury verdict of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) and two traffic violations (appeal No. 1). Defendant also appeals from a judgment convicting her upon a jury verdict of perjury in the first degree (Penal Law § 210.15) (appeal No. 2). In challenging the perjury conviction, defendant contends that her false testimony was not material to the Grand Jury's investigation. In challenging the conviction of the two counts of criminally negligent homicide, defendant contends that the plea colloquy was insufficient.

A conviction for perjury in the first degree requires proof that the false testimony was "material to the action, proceeding or matter in which it [was] made" (Penal Law § 210.15). In order to be material, the false statement must merely reflect " 'on the matter under consideration' ", even if it reflects only on the witness's credibility (*People v Davis*, 53 NY2d 164, 171). False testimony is material if it has the " 'natural effect or tendency to impede, influence or dissuade the grand jury from pursuing its investigation' " (*People v Davis, supra*, at 171 [citations omitted]). Here, defendant's false testimony was material to the allegation that defendant operated a vehicle without restraining her children and thus created and recklessly disregarded a known risk of death (*see, People v Young*, 220 AD2d 872, 874-875, *lv denied* 87 NY2d 909; *People v. De Leo*, 185 AD2d 374, 375, *lv denied* 80 NY2d 974).

Defendant failed to seek to withdraw her guilty plea or to vacate that part of the judgment of conviction entered thereon (*see, People v Lopez*, 71 NY2d 662, 665; *People v Foringer* [appeal No. 1], 267 AD2d 1092) and thus has failed to preserve for our review her challenge to the sufficiency of the plea colloquy. This is not one of those rare cases in which defendant's recitation casts significant doubt upon defendant's guilt or otherwise calls into question the voluntariness of the plea (*see, People v Lopez, supra*, at 666; *see also, People v Selikoff*, 35 NY2d 227, 235, *cert denied* 419 US 1122). A court's duty to make further inquiry is not triggered merely by the failure of a defendant to recite every element of the crime (*see, People v Lopez, supra*, at 666, n 2; *People v Martinez*, 243 AD2d 923, 924; *People v Smith*, 146 AD2d 828, 829, *lv denied* 74 NY2d 669). Moreover, defendant pleaded guilty to criminally negligent homicide as a lesser included offense. Where the plea is to a reduced charge, no factual admission is required (*see, People v Hall*, 71 NY2d 1002, 1006; *People v Clairborne*, 29 NY2d 950, 951). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminally Negligent Homicide.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.