■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. TAVARES, Appellant. [728 NYS2d 501] —Peters, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 5, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In satisfaction of a three-count indictment, defendant entered a plea of guilty of sexual abuse in the first degree and waived his right to appeal. He was sentenced in accordance with the plea agreement and now appeals, claiming that his plea was rendered involuntary by the insufficiency of the allocution. Although defendant's waiver of the right to appeal does not in and of itself preclude appellate review of the voluntariness of his plea (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982), his failure to move either to withdraw the plea or to vacate the judgment of conviction generally precludes review of the sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665). The narrow exception to this preservation rule applies where a defendant's factual recitation casts significant doubt on his guilt by negating an essential element of the crime (*see, id.*, at 666), "not where the sufficiency of the articulation

of the element is challenged" (*People v Vonderchek*, 245 AD2d 979, 980, *lv denied* 91 NY2d 945).

In this case, while defendant appeared reluctant to admit his guilt, he never claimed that he was innocent and his initial factual recitation negated only the element of forcible compulsion. We reject defendant's claim that the allocution also negated the element of sexual contact, which "is defined broadly" (*People v Ditta*, 52 NY2d 657, 661; *see, People v Gray*, 201 AD2d 961, *lv denied* 83 NY2d 1003; *People v Felton*, 145 AD2d 969, 971, *lv denied* 73 NY2d 1014; *see also, People v Beecher*, 225 AD2d 943, 944-945). As a result of defendant's denial of the use of force, County Court was obligated to make "further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*People v Lopez, supra*, at 666). Our review of the record establishes that County Court fulfilled this obligation and that defendant ultimately admitted that force was involved in his sexual contact with the victim. Where, as here, the record demonstrates "the court's prompt appropriate response to the limited area of uncertainty created by defendant's allocution, and [there is] ample evidence in the record that defendant's plea was knowingly, intelligently and voluntarily entered, the judgment must be affirmed" (*People v Washington*, 262 AD2d 868, 870, *lv denied* 93 NY2d 1029).

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.