■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH B. SANTMYER, Appellant. [724 NYS2d 365] —Crew III, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered August 2, 1999, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to burglary in the second degree in full satisfaction of an indictment charging burglary in the first degree, criminal contempt in the first and second degrees, unlawful imprisonment in the first degree, menacing in the second degree and aggravated harassment in the second degree, as the result of which he was sentenced to, *inter alia*, a determinate term of imprisonment of eight years. On this appeal, defendant claims that the allocution conducted by County Court was insufficient to support his conviction of burglary in the second degree. We disagree. Whatever factual deficiencies may be claimed by defendant, it is now well settled that where a defendant pleads guilty to a lesser crime than that charged in the indictment, a factual basis for such plea is not necessary (*see, People v Evans*, 269 AD2d 797, 798, *lv denied* 95 NY2d 834). Defendant's further contention that he was denied effec-

tive assistance of counsel has been waived by reason of his plea of guilty, inasmuch as the record plainly reflects that the claimed ineffectiveness had no impact upon the voluntariness of defendant's plea (*see, People v Lynch*, 256 AD2d 651, *lv denied* 93 NY2d 1004).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.