■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC W. SALETNIK, Appellant. [728 NYS2d 248] —Lahtinen, J.

Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered February 28, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant was indicted in March 1999 for attempted rape in the first degree, two counts of burglary in the second degree and two counts of criminal mischief in the fourth degree stemming from an incident which occurred in January 1999 at the Garden Apartments in the City of Amsterdam, Montgomery County. Prior to his arraignment on the indictment, defendant's mental fitness to proceed was the subject of proceedings under CPL article 730 in local criminal court, resulting in a March 2, 1999 order of commitment by that court. On April 19, 1999, defendant was deemed to be no longer incapacitated and found fit to proceed. At his April 26, 1999 arraignment, defendant pleaded guilty to the lesser included crime of sexual abuse in the first degree in satisfaction of all the charges with the promise of a three-year determinate prison sentence. Prior to sentencing, County Court wrote to counsel indicating that, due to the contents of the presentence report, defendant's sentence would be increased to seven years, but that defendant would be permitted to withdraw his plea.

At defendant's initial sentencing hearing in June 1999, defense counsel requested an adjournment to discuss County Court's proposed seven-year sentence with defendant. On the adjourned date set for the sentencing hearing, defense counsel orally moved for an examination pursuant to CPL 730.30 to determine defendant's fitness to proceed. Upon examination, defendant was found to lack the capacity to understand the criminal proceedings and remained incapacitated until January 2000, when he again was deemed fit to proceed. Defendant thereafter was sentenced to four years in prison and a maximum of five years' postrelease supervision and waived his right to appeal. Defendant now appeals arguing that his guilty plea was not properly entered, he should have received the sentence promised in the original plea agreement, he received ineffective assistance of counsel and his sentence was harsh and excessive.

We turn first to defendant's challenge to the entry of his guilty plea. Although defendant's waiver of his right to appeal is not itself a bar to appellate review of his guilty plea (*see, People v Tavares*, 282 AD2d 880), generally a defendant must move to withdraw his plea pursuant to CPL 220.60 (3) or move to vacate the judgment of conviction pursuant to CPL article 440 in order to preserve this issue for our review (*see, People v*

*Johnson*, 82 NY2d 683, 685; *People v Lopez*, 71 NY2d 662, 665; *People v Hines*, 277 AD2d 504, 505, *lv denied* 96 NY2d 759), unless the record reveals an exception to the preservation rule (*see, People v Lopez, supra,* at 666; *People v Tavares, supra*). Defendant made no such motion here nor do we find an exception to the preservation rule evident in the record. Nonetheless, on the facts presented here, we shall address the merits of defendant's claim in the interest of justice (*see,* CPL 470.15).

Our review of the record reveals that defendant's plea was knowingly, voluntarily and intelligently entered (*see, e.g., People v Saitch*, 260 AD2d 724, 725, *lv denied* 93 NY2d 1006). Prior to defendant's guilty plea on April 26, 1999, County Court thoroughly explained to him the rights that he was giving up by entering a plea (*see, People v Hadsell*, 249 AD2d 682, 683, *lv denied* 92 NY2d 852). At that time, County Court had before it defendant's CPL article 730 "Notification of Fitness to Proceed" dated April 19, 1999, and the underlying psychiatric report dated March 31, 1999, which found that defendant did not lack the capacity to understand the proceedings and was able to assist in his defense. Moreover, the court discussed with defendant and his counsel, on the record, the possible defense of mental disease or defect (Penal Law § 40.15) and the court was informed by defense counsel, in the presence of defendant, that defendant, his counsel and defendant's doctors had discussed that defense and that defendant did not wish to assert it (*compare, People v Moore*, 78 AD2d 997, 998; *People v Bryant*, 66 AD2d 786). Defendant, in response to inquiry by the court, stated that he did not have a defense, thereby evidencing a voluntary and knowing waiver of any defense to the charge of sexual abuse in the first degree.

Further, with respect to the factual deficiencies that defendant claims exist in his plea, "it is now well settled that where a defendant pleads guilty to a lesser crime than that charged in the indictment, a factual basis for such plea is not necessary" (*People v Santmyer*, 283 AD2d 718; *see, People v Evans*, 269 AD2d 797, 798, *lv denied* 95 NY2d 834). Consequently, we find no merit to defendant's challenges to his April 26, 1999 plea.

We do, however, find merit in defendant's challenge to his sentence, but for reasons other than asserted by defendant. Defendant claims that he was entitled to receive the three-year prison sentence agreed upon as part of his plea bargain, arguing that County Court should not have imposed the greater sentence of four years and should not have included the additional provisions of a permanent order of protection for the

victim and five years' maximum postrelease supervision as part of his sentence, the latter two never having been previously discussed as part of any plea agreement.

County Court was not bound to the promised three-year sentence which appeared improvident in light of new information contained in defendant's presentence report (*see, People v Selikoff*, 35 NY2d 227, 240, *cert denied* 419 US 1122; *cf., People v Jones*, 99 AD2d 1, 3). Under such circumstances, however, a defendant must be given the opportunity to either withdraw his plea or accept the new sentence (*see, People v Selikoff, supra,* at 240; *People v Tesiero,* 184 AD2d 802, *lv denied* 80 NY2d 934). County Court did afford defendant the opportunity to withdraw his plea, but it is unclear from the record what defendant's intentions were in this regard.

At his final sentencing hearing, County Court asked defendant if he "want[ed] to withdraw [his] plea," to which he responded "yes." Defendant was then asked if he wished to go to trial on the five counts in the indictment and he responded "no" and "no way." After a further confusing colloquy between County Court and defendant, the court asked defendant, "Is it true you do not wish to withdraw your plea?," to which defendant responded "no." Without further inquiry, County Court proceeded to sentence defendant. Because it is not clear from the record whether defendant desired to withdraw his plea or was willing to accept County Court's lengthier sentence, we vacate defendant's sentence and remit the matter to County Court where defendant is to be afforded the opportunity to either withdraw his plea or accept County Court's proposed sentence (*see, e.g., People v Felman,* 137 AD2d 341; *People v Maye,* 129 AD2d 204; *contra, People v McGourty,* 153 AD2d 991).

Finally, defendant claims that he received ineffective assistance of counsel. Insofar as that claim is addressed to defendant's sentencing, it is rendered academic by our vacatur of defendant's sentence. With respect to those proceedings resulting in defendant's plea of guilty, our finding that defendant's plea was entered knowingly, voluntarily and intelligently forecloses any claim that that part of the criminal proceeding was "infected" by anything less than meaningful representation (*see, People v Ireland,* 274 AD2d 743, 744, *lv denied* 95 NY2d 965; *People v Lynch,* 256 AD2d 651, *lv denied* 93 NY2d 1004).

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon defendant; matter remitted to the

County Court of Montgomery County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.