■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TORRES, Appellant. [735 NYS2d 820] —Rose, J. Appeal from a judgment of the County Court of Franklin County (McGill, J.), rendered May 22, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was indicted on a single count of promoting prison contraband in the first degree. Pursuant to a plea bargain, he entered a plea of guilty of the lesser crime of attempted promoting prison contraband in the first degree in satisfaction of the indictment and was sentenced as a second felony offender to an agreed-upon prison term of 1½ to 3 years to run consecutively to the sentence he was then serving. Defendant now appeals, claiming that the plea allocution was insufficient.

Contrary to defendant's claim, the record establishes that he did in fact plead guilty to attempted promoting prison contraband in the first degree. His contention that the guilty plea was not properly entered because he did not personally recite the facts underlying the crime to which he entered his plea was not preserved for review, as he failed to move either to withdraw the plea or to vacate the judgment of conviction (*see, People v Lopez*, 71 NY2d 662, 665). Although there is a limited exception to this general preservation rule where the allocution creates doubt as to the defendant's guilt or calls into question the voluntariness of the plea (*see, id.,* at 666), these circumstances are not present in this case. In any event, "it is now well settled that where a defendant pleads guilty to a lesser crime than that charged in the indictment, a factual basis for such plea is not necessary" (*People v Santmyer*, 283 AD2d 718, 718; *see, People v Evans*, 269 AD2d 797, 798, *lv denied* 95 NY2d 834).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.