■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN G. BARNETT, Appellant. [741 NYS2d 748] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 20, 2001, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree.

In satisfaction of an indictment which included a count of sodomy in the first degree, defendant entered a plea of guilty to the reduced charge of attempted sodomy in the first degree. He was sentenced in accordance with the plea bargain to a determinate prison term of four years, with a five-year period of postrelease supervision. On this appeal, defendant contends that his plea allocution failed to establish all of the elements of the crime of attempted sodomy in the first degree and that the sentence was excessive. Neither argument has any merit.

As a result of defendant's failure to move either to withdraw his plea or to vacate the judgment of conviction, he has not preserved his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665) and, in the absence of anything in defendant's recitation of the facts which casts significant doubt on his guilt by negating an essential element of the crime, the narrow exception to the preservation

rule is inapplicable (*see, id.* at 666). In any event, defendant's challenge to the validity of the plea has no merit (*see, e.g., People v Martinez*, 243 AD2d 923). We are similarly unpersuaded by defendant's challenge to the severity of the sentence. Considering the leniency accorded defendant in permitting his plea to a reduced charge, and further considering the nature of the crime and the fact that the agreed-upon sentence was substantially less than the possible maximum for the reduced crime, we see neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances which would warrant modification of the sentence in the interest of justice (*see, People v Annette*, 262 AD2d 670; *People v French*, 234 AD2d 831).

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.