■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH YOUNGBLOOD, Appellant. [967 NYS2d 215]—Lahtinen, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 12, 2011, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged in an indictment with promoting prison contraband in the first degree after a makeshift metal weapon was found secreted in his shoe. He thereafter pleaded guilty to attempted promoting prison contraband in the first degree and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced to a prison term of 1½ to 3 years. He now appeals.

The record does not reflect that defendant moved to withdraw his plea or to vacate the judgment of conviction and, indeed, he declined an opportunity to withdraw his plea at sentencing. His challenge to the sufficiency of the plea allocution is accordingly unpreserved for our review and we do not view this case as falling within the narrow exception to the preservation rule (*see People v McNair*, 13 NY3d 821, 822 [2009]; *People v Steed*, 17 AD3d 928, 929 [2005], *lv denied* 5 NY3d 770 [2005]; *see also People v Sardinas* 159 AD2d 963, 963 [1990], *lv denied* 76 NY2d 742 [1990]). Regardless, the record demonstrates that County Court explored defendant's doubts as to whether he knowingly possessed the item and confirmed that his decision to plead guilty was a knowing and voluntary one (*see People v Ferro*, 101 AD3d 1243, 1244 [2012], *lv denied* 20 NY3d 1098 [2013]; *People v Tavares*, 282 AD2d 880, 881 [2001], *lv denied* 96 NY2d 868 [2001]; *cf. People v Hill*, 16 NY3d 811, 813-814 [2011]).

While defendant's contention that he received the ineffective assistance of counsel arguably survives even a valid appeal waiver, it is unpreserved for our review given his failure to move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Aitken*, 101 AD3d 1383, 1384 [2012]). We would, regardless, conclude upon the record before us that defendant was afforded meaningful representation (*see People v Trombley*, 91 AD3d 1197, 1200-1201 [2012]; *People v Herringshaw*, 83 AD3d 1133, 1134 [2011]).

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.