People v Hoke (2018 NY Slip Op 08826)





People v Hoke


2018 NY Slip Op 08826


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, AND NEMOYER, JJ.


1289 KA 15-01128

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LESLIE W. HOKE, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 19, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree, criminal sexual act in the first degree and criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [1]) and criminal sexual act in the third degree (§ 130.40 [2]). Defendant validly waived his right to appeal (see People v Robinson, 112 AD3d 1349, 1349 [4th Dept 2013], lv denied 23 NY3d 1042 [2014]; People v Hinkson, 59 AD3d 934, 935 [4th Dept 2009], lv denied 12 NY3d 817 [2009]; see also People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]), and that waiver encompasses his challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]). Although defendant's remaining contentions survive his valid appeal waiver (see People v Sears, 158 AD3d 1293, 1294 [4th Dept 2018], lv denied 31 NY3d 1087 [2018]; People v Copes, 145 AD3d 1639, 1639 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]), they are nevertheless unpreserved and we decline to review them as a matter of discretion in the interest of justice (see Sears, 158 AD3d at 1294; People v Wilson, 289 AD2d 1088, 1088 [4th Dept 2001], lv denied 98 NY2d 656 [2002]).
As defendant correctly notes, County Court erroneously stated, prior to imposing sentence, that he had pleaded guilty to criminal sexual act in the third degree under count 32 of the indictment. In fact, defendant had pleaded guilty to criminal sexual act in the first degree under that count. Nevertheless, when viewed in context, it is apparent that the court merely misspoke and actually intended to and did impose sentence for the appropriate crime consistent with the negotiated term. Thus, as the Second Department recognized under these exact circumstances, "a remittitur for what must necessarily be reimposition of the same sentence would serve no purpose whatsoever" (People v Tarrant, 109 AD2d 763, 764 [2d Dept 1985]; see also People v Martinez, 243 AD2d 923, 925 [3d Dept 1997]).
Finally, the uniform sentence and commitment form must be amended to state that the sentence on count 32 runs concurrently with the sentences on count 1 and count 8, and to reflect the correct offense dates as specified in counts 1, 8, and 32 of the indictment (see People v Southard, 163 AD3d 1461, 1462 [4th Dept 2018]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court